**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **BILLY ANDREW SPEAGLE, JR.,**          ) | |
|                                                                 ) | |
| **Plaintiff,**          ) | |
| v.                                                             ) | |
|                                                                 ) | Case No. 10-2040 |
| **C. STEVE FERGUSON, individually and as**  ) | |
| **the States Attorney of Coles County,**          ) | |
|                                                                 ) | |
| **Defendant.**          ) | |

# REPORT AND RECOMMENDATION

In March 2010, Plaintiff Billy Andrew Speagle, Jr., filed a Complaint (#1) against Defendants C. Steve Ferguson, individually and as the State's Attorney of Coles County; Duane Deters, individually and as an Assistant State's Attorney for Coles County; Coles County State's Attorney's Office; Darrell Cox, individually and as the Sheriff of Coles County; and Coles County Sheriff's Office. Plaintiff alleged constitutional violations and violations of state law. Federal jurisdiction is based on 28 U.S.C. § 1331 because Plaintiff alleges violations of the Federal Constitution. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

In April 2010, Defendant filed a Motion To Dismiss (#10). In June 2010, Plaintiff filed a Response to Defendants' Motion To Dismiss (#13). After reviewing the administrative record and the parties' memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#10)** be **GRANTED** in part and **DENIED** in part.

### I.  Background

The following background is taken from Plaintiff's complaint: At relevant times, Defendant Ferguson was State's Attorney for Coles County and Defendant Deters was an

Assistant State's Attorney. Before October 2007, Defendant Cox was a detective in the Coles County Sheriff's Office. From October 2007 through July 2009, he was the Coles County Sheriff.

In 1999, the Coles County State's Attorney's Office juvenile authority investigated Plaintiff for sexual abuse of a minor girl. The Illinois State Police interviewed the alleged minor victim, but filed no charges after completing the investigation. After learning about the investigation, Defendants Ferguson and Deters performed their own investigation. In doing so, they learned that the minor alleged that on several occasions Plaintiff had vaginal intercourse with her, but a doctor's examinations indicated that penetration of the vaginal area had never occurred. Ferguson and Deters hid this report during the subsequent criminal proceedings.

In 2000, another minor girl accused Plaintiff of sexually assaulting her. At this time, Defendant Cox was a detective in the Coles County Sheriff's Office. After learning about the 1999 incident, he began his own investigation. During his investigation, Cox obtained a State Police file that contained a notation that the minor had previously lied in an attempt to implicate Plaintiff in arson. Cox removed this notation from the file and failed to turn it over to defense counsel during the subsequent criminal proceedings.

Authorities later arrested and indicted Plaintiff for criminal sexual assault against two minor girls with each indictment consisting of several counts. His attorney informed him that he faced life in prison if convicted and, as a result, Plaintiff pled guilty to two charges of criminal sexual assault involving the alleged 2000 case. The 1999 case was then dismissed.

Shortly after he pled guilty, Plaintiff filed a motion to vacate his plea. After several years in prison and several appeals, the court granted his motion for a new trial. After the court granted Plaintiff's request for a new trial, Defendants Ferguson and Deters asked the state court

to reinstate the 1999 case and the court granted that request.  A trial was held on both the 1999 and 2000 incidents, and in July 2009, after he had been in prison for eight and one-half years, Plaintiff was found not guilty on all charges.

In his complaint, Plaintiff alleges nine counts, as follows:  In Count I, he alleges false arrest and false imprisonment pursuant to 42 U.S.C. § 1983 (hereinafter "Section 1983").  In Count II, against Defendants Ferguson, Deters, and Cox, Plaintiff alleges a violation of his right to due process because Defendants manipulated, tampered with, and withheld exculpatory evidence.  In Count III, Plaintiff alleges malicious prosecution against Defendants Ferguson and Deters based on Defendants' conduct of continuing judicial proceedings without probable cause.  Count IV is titled "Respondent Superior," which the Court assumes is meant to be "*respondeat superior.*"  In this count, Plaintiff alleges that "Defendant Coles County" is liable as principal for all torts committed by its agents.  Count V, against Coles County State's Attorney's Office and Coles County Sheriff's Office, is titled "Identification," which the Court assumes is meant to be "indemnification."  In this count, Plaintiff alleges that public entities must pay compensatory damages if employees are found liable for misconduct.  Count VI, against Defendant Cox, alleges failure to provide adequate medical care pursuant to Section 1983 because Cox willfully and wantonly deprived Plaintiff of medical treatment for psoriasis when he was in jail from October 2007 through July 2009.  Count VII alleges that Cox violated Plaintiff's constitutional guarantees against forced labor and slavery when Cox required Plaintiff, a pretrial detainee, to paint the jail.  Count VIII alleges that Cox violated the Fair Labor Standards Act (29 U.S.C. § 201 *et. seq.*) when he required Plaintiff to paint the jail and strip and wax floors while Plaintiff was a pretrial detainee.  Count IX alleges that Cox violated the Illinois Prevailing Wage Act (820 ILCS 130/1 *et seq.*) when he required Plaintiff to work while he was a pretrial detainee.

## II.  Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  To state a claim under federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."

FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Seventh Circuit court recently summarized the notice-pleading framework in *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). First, a plaintiff must provide notice to defendants of the claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering a plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.*, 550 U.S. at 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). A claim is sufficient only to the extent that it contains either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Bell Atl.*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Legal conclusions, unsupported by alleged underlying facts, are not entitled to "the assumption of the truth." *Iqbal*, 129 S.Ct. at 1950. Finally, a plaintiff can allege himself out of a claim by including allegations that establish his inability to state a claim. *Head v. Chi.*

*Sch. Reform Bd. of Trs.*, 225 F.3d 794, 801-02 (7th Cir. 2000); *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

Application of the notice-pleading standard is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). "In other words, the height of the pleading requirement is relative to circumstances." *Id.*; *Concentra*, 496 F.3d at 782 ("the type of facts that must be alleged depend upon the legal contours of the claim").

### III.  Analysis

In his response to the motion to dismiss, Plaintiff conceded the arguments for dismissing the claims for false arrest and imprisonment (Count I), violation of the Fair Labor Standards Act (Count VIII), and violation of the Illinois Prevailing Wage Act (Count IX).

Defendants argue that the Court should dismiss the remaining claims for various reasons explained below.

#### A.  Count II:  Due Process

Defendants argue that the Court should dismiss Count II for the following reasons: (1) Plaintiff cannot combine a Fourth Amendment false arrest claim with a state law malicious prosecution claim in order to create a hybrid substantive due process claim under the Fourteenth Amendment; and (2) the doctrine of absolute prosecutorial immunity protects Defendants Ferguson and Deters from suit in Count II.

Defendants first contend that Plaintiff's claim in Count II is a hybrid substantive due process claim that should have been brought as a claim for malicious prosecution. *See Brooks v. City of Chi.*, 564 F.3d 830, 833 (7th Cir. 2009). The Supreme Court has stated that no substantive due process claim arises when a specific constitutional provision protects the right allegedly violated. *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). Here, Defendants contend that Plaintiff's claim is merely a recasting of a Fourth Amendment false arrest claim and

a state law malicious prosecution claim, therefore the Court should dismiss it. *See McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003).

Plaintiff responds that Count II alleges a violation of procedural due process under the Fourteenth Amendment rather than a substantive due process claim. Plaintiff also explains that he is asserting a claim based on a *Brady* violation in Count II. In *Brady v. Maryland*, the Supreme Court stated that a "suppression by prosecution of evidence favorable to an accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of good faith or bad faith prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Plaintiff states that a due process violation can result if "an unfair trial was a foreseeable result," even when no trial takes place. *See Cavin v. City of Chi.*, No. 08C 3501, 2009 WL 736207, *2 (N.D. Ill. Mar. 19, 2009) (not reported); *Curtis v. City of Chi.*, No. 01 C 8004, 2002 WL 31803597, *3-4 (N.D. Ill. Dec. 13, 2002) (not reported) (stating plaintiff adequately pled due process violation even though no trial occurred); *Castillo v. Zuniga*, No. 01 C 616, 2002 WL 398519, *9 (N.D. Ill. Mar. 14, 2002) (not reported) ("Because an unfair trial is a predictable consequence when police officers systematically mislead prosecutors, the court concludes that Plaintiff has stated a due process claim with regard to his allegations that the individual Defendants fabricated statements, reports, and interviews.").

Defendants contend that Plaintiff cannot state a *Brady* claim in the context of a guilty plea. In order to satisfy the materiality requirement of *Brady*, the evidence must be of such character that, had it been disclosed, the trial would have ended differently. *United States v. Bagley*, 473 U.S. 667, 682 (1985). Here, Defendants contend that Plaintiff could never satisfy the materiality requirement of a *Brady* claim because any allegation that he would have been found innocent had the exculpatory evidence been available is mere speculation.

The complaint alleges that Defendants Ferguson and Deters hid evidence contradicting one alleged victim's claim of vaginal penetration and Defendant Cox removed a notation from State Police reports that the other alleged victim lied about Plaintiff committing arson. Plaintiff also alleges that he was ultimately acquitted of the charges against him during a subsequent trial.

Based on these allegations, the Court concludes that Plaintiff has adequately alleged his due process claim.

Alternatively, Defendants Deter and Ferguson contend that the doctrine of absolute prosecutorial immunity protects them from suit because they were acting as state prosecutors at the time of the alleged conduct. In support of this contention, Defendants cite *Buckley v. Fitzsimmons*, which states that acts undertaken by a prosecutor in preparing for judicial proceedings or for trial are protected, while acts that serve an investigative function normally performed by a detective or police officer are not. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Defendants assert that the conduct at issue occurred while Defendants were acting within the scope of their duties as advocates for the State in prosecuting Plaintiff.

Plaintiff responds that the conduct at issue occurred not during a trial, but during preindictment investigations. The Seventh Circuit court has stated that the degree of immunity prosecutors are afforded depends on the nature of the conduct at issue. "If a prosecutor's function is judicial or quasi-judicial, he is entitled to absolute immunity from suit, but if the function was administrative or investigatory, he is only entitled to qualified immunity." *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000).

Here, Plaintiff has alleged that Defendants Ferguson and Deters were investigating Plaintiff when they hid evidence and Cox was investigating when he removed exculpatory evidence from the State Police file. Accordingly, based on these allegations, the Court concludes that prosecutorial immunity does not protect their actions and recommends denying the motion to dismiss on that basis.

### B. Count III: Malicious Prosecution Against Defendants Ferguson and Deters

Defendants Ferguson and Deters next argue that the one-year statute of limitations bars the malicious prosecution claim in Count III. *See* 745 ILCS 10/8-101. Defendants also argue that they are shielded by prosecutorial immunity on this claim and that the sovereign immunity doctrine bars the claims against them in their official capacity.

### 1. Statute of Limitations

A cause of action for malicious prosecution accrues when the criminal proceeding on which it is based is terminated in the plaintiff's favor. *Ferguson v. City of Chi.*, 820 N.E.2d 455, 459 (Ill. App. Ct. 2004). Defendants define the "criminal proceeding" in this case as the guilty plea. Based on that premise, Defendants contend that the guilty plea was "terminated" in Plaintiff's favor when the Illinois appellate court granted the relief Plaintiff sought as to his guilty plea, that is, when the court vacated his guilty plea on April 5, 2007. Thus, Defendants assert that Plaintiff's malicious prosecution accrued on April 5, 2007. Plaintiff filed his complaint on March 2, 2010, more than one year after the court vacated the guilty plea. As a result, Defendants contend that Plaintiff's claim is not timely.

Plaintiff disagrees. He contends that the "criminal proceeding" in this case was not terminated in his favor by vacation of the guilty plea because Plaintiff then had to face the same criminal charges. Plaintiff asserts that the criminal proceedings were not terminated in his favor until he was acquitted of all charges. Plaintiff relies on *Ferguson*, in which the court stated that a case is not terminated favorably for the plaintiff until "the plaintiff . . . show[s] that the prosecutor abandoned the case for reasons indicative of the plaintiff's innocence." *Ferguson*, 920 N.E.2d at 460.

The Court agrees with Plaintiff's interpretation of *Ferguson*. Here, the state appellate court acquitted Plaintiff of all charges on July 22, 2009, which is when the prosecution could no longer pursue the case. Thus, Plaintiff's malicious prosecution claim accrued on that date and Plaintiff's complaint, filed March 2, 2010, was timely filed within the one-year statute of limitations.

### 2. Prosecutorial Immunity

Defendants Deters and Ferguson also argue that they are shielded from suit by prosecutorial immunity. The Court disagrees for the reasons stated above.

### 3. Sovereign Immunity and Public Official Immunity

Additionally, Defendants Ferguson and Deters argue that the doctrine of sovereign immunity bars the official capacity claim in Count III. In support, Defendants cite *Stone v. Pepmeyer*, No. 07-1198, 2008 WL 879553, *13 (C.D. Ill. Mar. 28, 2008) (not reported). Defendants also mention in passing public official immunity.

Defendants did not develop these arguments. "It is not the court's responsibility to research the law and construct the parties' arguments for them." *Economy Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008). Accordingly, the Court will not consider these arguments.

Because Plaintiff timely filed his malicious prosecution claim, and Defendants' other arguments are not persuasive, the Court recommends denying the motion to dismiss Count III at this time.

### C. Count IV: *Respondeat Superior* Claim

Defendants also contend that Count IV should be dismissed as to Defendants Ferguson and Deters. A review of Count IV indicates that Plaintiff has not alleged the claim in Count IV against Ferguson or Deters.

In Count IV, Plaintiff refers to "Defendant Coles County," but mentions no other defendants. However, Coles County is not listed in the caption as a party to this suit. Accordingly, the Court recommends dismissing Count IV and allowing Plaintiff to amend his complaint.

### D. Count V: Indemnification Claim

Defendants next argue that Plaintiff's claim of indemnification in Count V against the Coles County Sheriff's Office is not valid because the Coles County Sheriff's Office has no legal existence. In support, Defendants cite *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992), for the proposition that Illinois courts have not recognized a sheriff's office or police

department as a legal entity.  In that case, the Northern District court found that, based on state law, the Cook County Sheriff's Police Department was a "division" of the Sheriff of Cook County (55 ILCS 34/3-7001 (1992)).  As such, it did "not enjoy a separate legal existence apart from the Sheriff of Cook County, and therefore is not a suable entity."  *Magnuson*, 812 F. Supp. at 827.

Plaintiff agrees that a sheriff's police department is a nonsuable entity under Illinois law. *See Jackson v. Vill. of Rosemont*, 536 N.E.2d 720, 723 (1988) ("To be sued in Illinois, a defendant must have a legal existence, either natural or artificial.").  However, Plaintiff states that he is not suing the sheriff's police department, but rather the Sheriff's Office itself. (*See* #13, p. 6.)  The Seventh Circuit court has stated that, based on Illinois law, a sheriff's office "has a legal existence separate from the county and the State, and is thus a suable entity." *DeGenova v. Sheriff of Dupage County*, 209 F.3d 973, 977 (7th Cir. 2000).  Accordingly, the Court recommends denying that motion to dismiss Count V.

Defendants also contend that Count V should be dismissed as to Defendants Ferguson and Deters.  A review of Count V indicates that Plaintiff has not alleged that claim against Ferguson or Deters.

### E.  Count VI:  Claim Regarding Failure To Provide Adequate Medical Care

Defendant Cox argues that Plaintiff failed to state a claim in Count VI for failure to provide adequate medical care.  Defendant also argues that Plaintiff has failed to allege a basis for municipal liability pursuant to *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1977).  As to the latter argument, Defendants stated "[t]here is no *Monell* claim alleged" (#10, ¶ 11), but failed to develop the argument beyond this brief mention. As noted above, the Court will not consider undeveloped arguments.

Regarding Defendant's argument that Plaintiff failed to state a claim, Defendant contends that Plaintiff failed to plead the element of deliberate indifference.  Defendant contends that Plaintiff's complaint alleges only that Cox stated "welcome home, Billy," upon Plaintiff's entry

into the Coles County Safety and Detention Center, and that Cox told a treating physician that Plaintiff's medicine was too expensive.  Cox contends that, even if these allegations are true, they do not establish that he acted with deliberate indifference.

When considering a motion to dismiss, the Court must accept a plaintiff's well-pleaded allegations and draw all inferences in a light most favorable to Plaintiff's case.  *McMillan*, 455 F.3d at 758.  Deliberate indifference implies the avoidance of a known risk.  *Matos v. O'Sullivan*, 335 F.3d 553, 557 (7th Cir. 2003).  Plaintiff alleged that Defendant Cox knew of Plaintiff's medical condition and told the doctor at the detention center that his medication was too expensive. (#1, ¶ 41.)  He also alleged that Cox was retaliating against Plaintiff and that he acted willfully and wantonly when he denied Plaintiff medical care. (#1, ¶ 39.)  The allegations of retaliation and willful and wanton conduct imply that Cox was deliberately indifferent to potential harm to Plaintiff as a result of denying him medication.  Based on these allegations, the Court concludes that Plaintiff has adequately alleged that Cox was deliberately indifferent.  Accordingly, the Court recommends denying the motion to dismiss on the basis that Plaintiff failed to state a claim.

### F.  Count VII:  Forced Labor Claim

In Count VII, Plaintiff alleged that Defendant Cox forced Plaintiff to work painting the jail while Plaintiff was incarcerated as a pretrial detainee.  Plaintiff alleges that this violated his "constitutional guarantees against forced labor and slavery." (#1, ¶ 44.)  It is unclear whether this claim is based on due process, the Thirteenth Amendment, or other constitutional grounds.  However, a plaintiff is not obligated to plead legal theories.  *McCullah v. Gadert*, 344 F.3d 655, 659 (7th Cir. 2003).

Assuming that Count VII raises a due process claim, Defendant Cox argues that Plaintiff has failed to state a claim because requiring pretrial detainees to perform general housekeeping duties does not violate the constitution.  In *Bijeol v. Nelson*, 579 F.2d 423 (1978), the plaintiff, a pretrial detainee, alleged that the defendant violated his constitutional rights under the First, Fifth, Eighth, and Thirteenth Amendments when the defendant required the plaintiff to perform

45 to 120 minutes daily of general housekeeping duties without pay and, when the plaintiff refused to work, he was placed in segregation. The Seventh Circuit court affirmed the trial court's decision that the defendant had not violated plaintiff's constitutional rights, stating as follows:

> [A] pretrial detainee may constitutionally be compelled to perform simple housekeeping tasks in his or her own cell and community areas. The work must not be overly burdensome in the time or labor required. In addition, such work must not be assigned so as to preclude a pretrial detainee from effectively participating in his or her defense to pending criminal charges.

*Id*. at 425. Defendants also cite *Jackson v. O'Leary* for the proposition that officials may compel inmates to perform reasonable work as long as it does not endanger a prisoner's life or health, cause undue pain, or exceed the prisoner's physical capacity. *Jackson v. O'Leary,* 689 F. Supp. 846, 850 (N.D. Ill. 1988) (citing cases).

Plaintiff responds that *Bijeol* stands for the fact that a pretrial detainee's rights are violated if the work goes beyond general daily housekeeping duties. *Bijeol*, 579 F.2d at 424. Plaintiff cites case law from the Eighth Circuit Court of Appeals, in which that court stated a pretrial detainee may refuse to perform more than basic housekeeping chores. *See Martinez v. Turner*, No. 96-2945, 1997 WL 488997, *1-2 (8th Cir. Aug. 25, 1997) (unpublished) (finding that a factual issue existed as to whether the labor required of the inmate was "more than housekeeping tasks").

Whether the work at issue in this case exceeds general housekeeping duties is a fact issue that the Court cannot consider at the motion to dismiss stage. Accordingly, the Court recommends denying the motion to dismiss Count VII at this time.

### IV.  Summary

For the reasons set forth above, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#10)** be **GRANTED** as to Counts I, IV, VIII, and IX and **DENIED** as to the remaining counts. Because it is conceivable

that Plaintiff can amend the claim in Count IV to state a claim, the Court recommends that the dismissal of Count IV be without prejudice and that Plaintiff be granted leave to file an amended complaint within 14 days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of August, 2010.

                                                s/ DAVID G. BERNTHAL
                                                U.S. MAGISTRATE JUDGE